IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE BERNARD ANDERS, ) | |
| ID # 642976, ) | |
|          Petitioner, ) | |
| vs. ) | No. 3:04-CV-2678-N (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|          Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On December 17, 2004, the Court received a document titled "Appellants' [sic] Writ of Error Coram Nobis" in which petitioner names Douglas Dretke, Director of the Texas Department of Criminal Justice - Correctional Institutions Division as respondent. Pursuant to Fed. R. Civ. P. 60(b), petitioner seeks relief from the final judgment entered in a prior habeas action (Cause No. 3:98-CV-1563-G) filed pursuant to 28 U.S.C. § 2254 that the Court dismissed for petitioner's failure to exhaust state remedies for all of his claims. No process has been issued in this case.

The Court initially considered this case as arising under 28 U.S.C. § 2254 because petitioner named Douglas Dretke as respondent and indicated that he "files this Motion for Relief from Final

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

Judgment pursuant to the provisions of 28 U.S.C.A. 2254; Federal Rules of Civil Procedure Rule 60(b), 28 U.S.C.A." In addition, petitioner erroneously titled the pleading as a writ of error coram nobis when such writ is unavailable to him.[2]

Although these matters suggest that the action may arise under § 2254, a closer examination of the pleading reveals that it is properly construed as a Rule 60(b) motion that should have been filed in petitioner's prior federal habeas action in this Court, Cause No. 3:98-CV-1563-G. The pleading clearly shows that petitioner seeks relief pursuant to Rule 60(b) rather than through a writ of error *coram nobis* or a § 2254 petition. His sole focus is obtaining relief pursuant to Rule 60(b) from the judgment entered in Cause No. 3:98-CV-1563-G. He even placed that cause number on the filed pleading. Furthermore, he specifically asserts that "none of his arguments in this writ of error seek to vacate, set aside, or correct his sentence but rather seek to have his original federal petition addressed."

Moreover, although a Rule 60(b) motion that is properly construed as a successive petition for writ of habeas corpus may appropriately proceed in a civil action separate from the purported challenged judgment, a true Rule 60(b) motion must proceed within the confines of the civil action containing the challenged judgment. Because the instant motion merely challenges the failure to reach the merits of the habeas petition filed in Cause No. 3:98-CV-1563-G, the motion is not

---

[2] When a petitioner is in custody on the challenged conviction, the writ of coram nobis is "not available to him." *United States v. Hatten,* 167 F.3d 884, 887 n.6 (5th Cir. 1999). This Court, furthermore, lacks jurisdiction over a writ of error *coram nobis* filed with respect to a state conviction. The Court has jurisdiction over a writ of error *coram nobis* only when the challenged conviction occurred in this Court and the petitioner has fully served the imposed sentence. *See United States v. Morgan,* 346 U.S. 502, 504 (1954) (holding that writ must be filed in the court in which the petitioner was convicted); *United States v. Esogbue,* 357 F.3d 532, 534-35 (5th Cir. 2004) (holding that courts lacks jurisdiction to consider a writ of error *coram nobis* when the petitioner remains in custody on the sentence imposed in the challenged criminal action).

properly construed as a successive habeas petition. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005) (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment"). Consequently, the instant Rule 60(b) motion should have been filed in Cause No. 3:98-CV-1563-G.

## II.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Court **ADMINISTRATIVELY CLOSE** the instant action (Cause No. 3:04-CV-2678-N), and file "Appellants' [sic] Writ of Error Coram Nobis" in Cause No. 3:98-CV-1563-G as a motion filed pursuant to Fed. R. Civ. P. 60(b).

**SIGNED this 13th day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4